UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | |
|---|---|
| LOUIS JUERS, : | |
| Plaintiff, : | **MEMORANDUM and ORDER** |
| -against- : | 08 Civ. 7634 (PAC)(KNF) |
| NEW YORK STATE VETERANS HOME AT : ST. ALBANS, | |
| : | |
| Defendants. | |

------------------------------------------------------------x

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

   In this action brought pursuant to Title VII of the Civil Rights Act of 1964, the plaintiff, Louis Juers ("Juers"), alleges race and color discrimination. He made an application for court-appointed counsel, which was denied, via a Memorandum and Order dated March 16, 2009, Docket Entry No. 11, on the ground that it appeared, to the Court, from the face of the plaintiff's amended complaint, the court lacked subject matter jurisdiction. The Court has reconsidered, sua sponte, its order, dated March 16, 2009, pursuant to its inherent power to reconsider interlocutory orders, in the interest of justice. See United States v. LoRusso, 695 F.2d 45, 53 (2d Cir. 1983); Grace v. Rosenstock, 228 F.3d 40, 51 (2d Cir. 2000). On reconsideration, the Court finds that subject matter jurisdiction exists. Accordingly, the March 16, 2009 Memorandum and Order, is hereby withdrawn; it is superseded by the instant writing. Having reconsidered its prior order, the Court remains of the view that the factors outlined in Hodge v. Police Officers, 802 F.2d 58,

61 (2d Cir. 1986), militate against granting the plaintiff's request that counsel be appointed to assist him.

According to the plaintiff's amended complaint, he is employed as a Senior Maintenance Assistant by the state of New York. Juers' name appears on a civil service list of those eligible for appointment to the position Maintenance Supervisor. From on or about June 2007, through in or about June 2008, Juers was suspended from work, without pay, pending the disposition of disciplinary charges lodged against him. During his absence, administrators employed by the defendant hired a black man, whose name does not appear on the civil service eligibles list, to fill a Maintenance Supervisor vacancy. Juers, who is white, contends he possesses skills superior to those of the person selected for the Maintenance Supervisor position. Juers alleges he was denied promotion to that supervisory position solely "because [his] skin is WHITE." However, other than identifying one of the defendant's administrators, Mr. Goldson ("Goldson"), as a black man, and reporting that Goldson "authorized the hiring" of the person who was selected to fill the Maintenance Supervisor position, the plaintiff does not allege facts in his amended complaint demonstrating that racial animus or bias was a factor in the defendant's decision not to promote, to a supervisory position, an employee who, at the time the supervisory position was filled, was suspended from work, without pay, awaiting the resolution of disciplinary charges.

Unlike criminal defendants, indigent litigants, like Juers, who file civil actions, have no constitutional right to counsel. However, 28 U.S.C. § 1915(e)(1) provides that the court may request an attorney to represent any person unable to afford counsel. The plaintiff, in the case at bar, made an application to proceed in forma pauperis, which was granted. Therefore, he is within the class to whom 28 U.S.C. § 1915(e)(1) applies. Hodge informs that, "[i]n deciding

whether to appoint counsel, [a] district [court] should first determine whether the indigent's position seems likely to be of substance." Hodge, 802 F.2d at 61. This means it appears to the court, "from the face of the pleading[s]," (see Stewart v. McMickens, 677 F. Supp. 226, 228 [S.D.N.Y. 1988]), that the claim(s) asserted by the plaintiff "may have merit," (see Vargas v. City of New York, No. 97 Civ. 8426, 1999 WL 486926, at *2 [S.D.N.Y. July 9, 1999]), or that the plaintiff "appears to have some chance of success. . . ." Hodge, 802 F.2d at 60-61.

Looking to the face of the plaintiff's amended complaint, and finding no factual allegations respecting statements made or actions taken by the defendant in connection with its promotion decision that manifest racial animus or bias toward the plaintiff, the Court concludes that the plaintiff's Title VII claim may not have merit. The Court is not unmindful of the plaintiff's contentions that false disciplinary actions instituted against him and harassing behavior he attributes to the defendant, occurring between 2005 and 2007, demonstrate the defendant engaged in unlawful discriminatory behavior; but the plaintiff's amended complaint fails to identify how these discrete events manifest racial animus or bias on the part of his employer toward him. The fact that certain participants in the disciplinary matters noted in the amended complaint are identified as black, by Juers, does not, without more, demonstrate the plaintiff was the victim of unlawful discrimination with respect to his failure to secure a promotion.

In summary, inasmuch as it appears, from the face of the amended complaint, that the plaintiff's claims of race and color discrimination may not have merit, appointing counsel to represent him is not warranted. Therefore, the plaintiff's application, for appointed counsel,

Docket Entry No. 8, is denied. In addition, the Court's March 16, 2009 Memorandum and Order,

Docket Entry No. 11, is withdrawn.

Dated: New York, New York
April 17, 2009

SO ORDERED:

*Kevin Nathaniel Fox*

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Mailed copies to:

Louis Juers
Garvin V. Smith, Esq.